IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.                                                                    NO. CV 08-442 JH/CEG
                                                                          CR 06-045 JH

FRANCISCO MENDOZA-TORRES,

       Defendant/Movant.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Francisco Mendoza-Torres's (Mendoza-Torres) Pro Se

Motion for Time Reduction by an Inmate in Federal Custody under Title 28 U.S.C. § 2255.  *See*

*Doc. 37*.[1]  Construing Mendoza-Torres's motion liberally, he raises two claims: (i) a claim for a

reduction in his sentence due to his deportable alien status, and (ii) an equal protection challenge

based on the fact that his status as a deportable alien subjects him to a more severe sentence than

a United States citizen in the same position.  *Id.*  For the reasons below, I recommend that the

reduction in sentence claim be denied with prejudice, the equal protection claim be denied

without prejudice for lack of jurisdiction, and this case be dismissed.

Procedural Background

On January 10, 2006, a grand jury returned an indictment charging Mendoza-Torres with

reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C.

§§ 1326(a)(1),(2), and (b)(2).  *See Doc. 9*.  Pursuant to an agreement with the government,

Mendoza-Torres pled guilty to the charges contained in the indictment.  *See Docs. 21-22*.  On

---

[1]  All document references are to the underlying criminal case, *United States v. Mendoza-Torres* 06-cr-045
JH, unless otherwise noted.

June 22, 2006, he was sentenced to a term of 57 months. *See Doc. 29.* Mendoza-Torres filed an

appeal, arguing that his sentence was unreasonable under 18 U.S.C. § 3553. *See Doc. 34.* On

May 4, 2007, the Tenth Circuit affirmed Mendoza-Torres's sentence in an unpublished order and

judgment. *Id.*

## Reduction in Sentence

Mendoza-Torres argues that, because of his status as a deportable alien, the Federal

Bureau of Prisons considers him ineligible for certain pre-release custody programs. *See Doc.

37* at 1-3. He contends that this ineligibility constitutes a mitigating factor in sentencing,

entitling him to a downward departure under the sentencing guidelines. *Id.* In *United States v.

Tamayo*, 162 Fed.Appx. 813, 815 (10th Cir. 2006), the Tenth Circuit rejected Mendoza-Torres's

argument. It held that a "[Defendant's] request for a downward departure based on the

'collateral consequences' of his status as a deportable alien has been foreclosed . . . ." *Id.*

(internal citations omitted). Thus, under this ruling, Defendant's reduction in sentence argument

should be denied.[2]

## Equal Protection

Mendoza-Torres also raised an equal protection claim in his motion by stating, in

relevant part, that "An alien is deprived of his benefits or privileges due to his or her status and

find [*sic*] himself/herself committed to harsher time, or sentence due to his or her status in the

United States of America." *Doc. 37* at 2. Unlike Defendant's reduction of sentence claim, this

---

[2] Defendant attached ten pages to his motion entitled "Statement of Case," which, for the most part, is a partial reproduction of his opening brief filed with the Tenth Circuit. *Doc. 37* at 4-16. To the extent that Defendant is attacking his sentence as unreasonable under 18 U.S.C. § 3553, I note that Mendoza-Torres is barred from bringing this claim. Issues previously addressed and disposed of on appeal may not be considered again in a § 2255 motion. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993).

claim concerns the execution of his sentence and is properly brought under 28 U.S.C. § 2241, not

28 U.S.C. § 2255. *See Tamayo*, 162 Fed.Appx. at 815. Thus, I will treat Mendoza-Torres's

motion as, in part, a § 2241 habeas petition. *Id.* (citing *Santillanes v. United States Parole

Comm'n*, 754 F.2d 887, 888 n.1 (10th Cir. 1985)).

A petition brought under 28 U.S.C. § 2241 "must be filed in the district where the

prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also* 28 U.S.C.

§ 2241(d). In Mendoza-Torres's case, this is the Eastern District of California.[3] Defendant filed

his petition in the District of New Mexico, which lacks jurisdiction to rule on the merits of

Mendoza-Torres's § 2241 claim.

When a jurisdictional defect arises in a suit that is filed in the wrong federal district, the

district court may cure the defect by transferring the case. Under 28 U.S.C. § 1631, a court is

required to transfer an action when a "transfer is in the interest of justice." *Haugh v. Booker*,

210 F.3d 1147, 1150 (10th Cir. 2000). However, "a court is authorized to consider the

consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting

judicial resources that would result from transferring a case which is clearly doomed." *Id*.

After "taking a peek" at Defendant's equal protection claim, I conclude that it is without

merit. *Id*. As the Tenth Circuit stated in *Tamayo*: "[t]he federal government can treat aliens

differently from citizens so long as the difference in treatment has a rational basis." *Tamayo*,

162 Fed.Appx. at 816 (citations omitted). Courts that have considered claims similar to

Mendoza-Torres's have reasoned that denying deportable aliens the opportunity to participate in

certain pre-release programs does not violate equal protection. *See, e.g.*, *Id.*; *Lizarraga-Lopez v.*

---

[3] At the time of filing, Mendoza-Torres was incarcerated at the California City Correctional Center in California City, California. *See Doc. 37.*

3

*United States*, 89 F.Supp.2d 1166, 1169 (S.D.Cal.2000); *Asencion v. United States*, 2007 WL

1139412, at *1 (D.Utah 2007).  Accordingly, I recommend that the Court decline to transfer the

action.

Wherefore,

It is hereby recommended that:

1)  Defendant's § 2255 reduction in sentence claim be denied with prejudice;

2)  Defendant's § 2241 equal protection claim be denied without prejudice; and

3)  this civil proceeding be dismissed.

_____
UNITED STATES MAGISTRATE JUDGE